# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATE OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. CR-14-114-M ) |
| DELAWN PRINCE, | ) ) |
| Defendant. | ) ) |

## ORDER

Before the Court are defendant's Motion to Suppress Evidence and Statements and defendant's Motion to Disclose Confidential Informant, both filed May 13, 2014. On May 22, 2014, the government filed its responses. Based upon the parties' submissions, the Court makes its determination.

I.  Factual Background

Defendant Delawn Prince ("Prince") is charged in a four-count indictment returned by the federal grand jury. Count 1 charges Prince, a convicted felon, with possession of two firearms, in violation of 18 U.S.C. § 922(g)(1). Counts 2 and 3 charge Prince with possession of a controlled dangerous substance with intent to distribute, in violation of 21 U.S.C. § 841(b)(1)(B) and (C). Count 4 charges Prince with possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). The firearms and drugs that Prince allegedly possessed were seized pursuant to the execution of a search warrant on January 31, 2014, at Prince's residence located at 2821 Green Canyon Drive in Oklahoma City, Oklahoma.

The search warrant was signed by Oklahoma County District Judge Donald Deason on January 29, 2014. The search warrant authorized the seizure of multiple items including cocaine

base, currency, cell phones, and items that would establish dominion and control of the residence. The affiant was Sergeant Dion Porter of the Oklahoma City Police Department.

In his affidavit, Sergeant Porter indicates he has been a peace officer since 2002 and during that time has received training and experience in controlled substance investigations. According to Sergeant Porter, on December 16, 2013, he enlisted the aid of a confidential informant ("CI") who previously provided information that had proved true and correct. In his affidavit, Sergeant Porter states that he has found the CI's information to be credible and that in working with the CI for more than six months, the CI provided information which led to the "arrest of at least five (5) felons and the seizure of at least 10 grams of cocaine base, in excess of 400 grams cocaine HCL, in excess of five hundred (500) dollars US Currency and at least one (1) firearm." Affidavit for Search Warrant Uniform Controlled Dangerous Substances Act at 2.

Sergeant Porter states that the CI told him he knew a mid-level drug dealer in the metro area who went by the street name, D-Loc a/k/a Prince, who he has known for several years. The CI provided Prince's address and named three vehicles utilized by Prince. Further, the CI indicated that he observed Prince in possession of one ounce of cocaine base and in excess of $30,000 at Prince's residence at 2821 Green Canyon Drive.

In his affidavit, Sergeant Porter states that he confirmed the identity of Prince and on multiple occasions, beginning on December 18, 2013, confirmed the presence of all three vehicles named by the CI at the residence at 2821 Green Canyon Drive, including their presence throughout the daytime and at night. Additionally, Sergeant Porter states that on January 24, 2014, he observed Prince driving one of the vehicles. On that same day, Sergeant Porter met with the CI who indicated that he had met with Prince and during that contact, Prince showed the CI more than one ounce of

2

cocaine base and told the CI that he was carrying a firearm on his person. Also on January 24, 2014, Sergeant Porter obtained information that the utilities at 2821 Green Canyon Drive are in the name of Prince's girlfriend.

On January 31, 2014, at 6:00 a.m., the search warrant was executed. During the course of the search, items were seized including cocaine base (more than ten grams), cocaine HCL (more than 1700 grams), a small quantity of marijuana, a scale with residue, ammunition, two loaded firearms, more than $24,000, and items establishing Prince's dominion and control of the residence. Additionally, Prince made admissions on the scene after waiving his *Miranda* rights.

II.   Discussion

Prince now moves this Court for an order suppressing all physical evidence, oral statements and fruits thereof, obtained as a result of the search. Prince asserts that the search warrant was not based on probable cause to believe evidence of a crime would be found within the location. Additionally, pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978), Prince requests an evidentiary hearing regarding the veracity of the Affidavit for Search Warrant. Finally, Prince moves the Court to order the government to disclose the identity, *i.e.*, name, CI control number, address, date of birth, telephone number, and social security number, of the CI.

A.   Disclosure of CI

The Tenth Circuit has held:

> [d]ue to the strong public interest in furthering effective law enforcement, the government enjoys a privilege to withhold from disclosure the identity of persons who furnish law enforcement officers with information on criminal acts. While anonymity encourages citizens to communicate their knowledge of unlawful activity, the privilege must give way to fairness when disclosure of the informer's identity is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause. The need

3

> for disclosure depends on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors. In short, the problem calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense.

*United States v. Mendoza-Salgado*, 964 F.2d 993, 1000 (10th Cir. 1992) (internal quotations and citations omitted). Additionally, while a district court must disclose the informer's identity if his testimony might be relevant to a defendant's case and justice would best be served by disclosure, the Tenth Circuit has "consistently ruled that where the information sought would be merely cumulative, or where the informer did not participate in the illegal transaction, disclosure is not required." *Id.* at 1000-01 (internal quotations and citation omitted). Finally, "mere speculation about the usefulness of an informant's testimony is not sufficient to warrant disclosure." *Id.* at 1001 (internal quotations and citation omitted).

In his motion, Prince contends that the facts of this case tip the balance in favor of disclosure. Prince asserts that the CI's testimony will be material in terms of refuting the government's proof of probable cause, as Sergeant Porter's affidavit relies entirely on statements the CI made to him. Finally, Prince asserts that the CI may be an actual participant in the crime charged. The government, in its response, contends that Prince is solely relying on speculation in support of his request for disclosure. The government asserts that the search warrant affidavit demonstrates that the CI is of the "tipster" variety where disclosure is not warranted.

Having carefully reviewed the parties' submissions, and balancing the public interest in protecting the flow of information against Prince's right to prepare his defense, the Court finds that the identity of the CI should not be disclosed. Specifically, the Court finds that Prince merely speculates regarding the usefulness of the CI's testimony and that such speculation is not sufficient

to warrant disclosure. Additionally, the Court finds Prince's assertion that the CI may be a participant in the crime charged is also only speculation and that based upon the information contained in the search warrant affidavit, it appears that the CI is not a participant to the crime but is only a "tipster," whose identity need not be disclosed. Accordingly, the Court finds that Prince's motion to disclose confidential information should be denied.

    B.    *Franks v. Delaware* Hearing

In *Franks v. Delaware*, the United States Supreme Court held:

> To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained. Allegations of negligence or innocent mistake are insufficient. The deliberate falsity or reckless disregard whose impeachment is permitted today is only that of the affiant, not of any nongovernmental informant. Finally, if these requirements are met, and if, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required. On the other hand, if the remaining content is insufficient, the defendant is entitled, under the Fourth and Fourteenth Amendments, to his hearing.

*Franks*, 438 U.S. at 171-72.

In his motion, Prince states that he believes that Sergeant Porter may have recklessly misled the issuing judge by misrepresenting the nature of his source. Having carefully reviewed Prince's motion, the Court finds that Prince has not made the required substantial showing that the affiant, Sergeant Porter, knowingly made a false statement or made a statement in reckless disregard for the

5

truth as required by *Franks*. Prince's allegations are conclusory. Further, Prince has submitted no offer of proof for his allegations and no affidavits nor sworn or otherwise reliable statements of witnesses and has not explained their absence. Finally, Prince has not pointed out specifically the portion of the search warrant affidavit that is claimed to be false.

Accordingly, the Court finds that Prince's request for a *Franks v. Delaware* hearing should be denied.

C. Probable Cause

Prince contends that the search warrant affidavit lacks facts on which to conclude there was probable cause to believe the evidence sought would be found within the premises described. Specifically, Prince asserts that the affidavit contains sparse information associating the premises to be searched with illegal activity – there is no nexus between anyone's criminal activity and the residence.

> When reviewing a magistrate's finding of probable cause for the issuance of a search warrant, [a court] must consider the totality of the circumstances and determine whether the affidavit established the probability that evidence of criminal activity would be located in the desired search area. A magistrate's determination that probable cause exists is entitled to "great deference," and [a court] ask[s] only whether the issuing magistrate had a "substantial basis" for determining probable cause existed.

*United States v. Le*, 173 F.3d 1258, 1265 (10th Cir. 1999) (internal citations and quotations omitted). "The test is whether the facts presented in the affidavit would warrant a man of reasonable caution to believe that evidence of a crime will be found at the place to be searched." *United States v. Nolan*, 199 F.3d 1180, 1183 (10th Cir. 1999). Additionally,

> probable cause requires a nexus between the place to be searched and the items to be seized. To establish the required nexus, the affidavit supporting the search warrant need not contain direct evidence or

6

> personal knowledge that the items sought are located at the place to be searched. Rather, the issuing magistrate judge may draw reasonable inferences from the material provided in the warrant application.

*Id.* (internal quotations and citations omitted).

Having carefully reviewed the search warrant affidavit, the Court finds that the information in the affidavit, taken as a whole, supports the judge's finding that probable cause existed to issue the warrant. The Court further finds that taken together, all of the facts and corroborative information contained in the affidavit were sufficient to give the judge a substantial basis upon which to conclude that there was a fair probability that evidence of a crime would be found at Prince's residence. Specifically, the Court finds the search warrant affidavit establishes the required nexus between criminal activity and Prince's residence. In the affidavit, Sergeant Porter states that the CI told him that he was at Prince's residence at 2821 Green Canyon Drive and saw in excess of one ounce of cocaine base and in excess of thirty thousand dollars. *See* Affidavit for Search Warrant Uniform Controlled Dangerous Substances Act at 2. Additionally, Sergeant Porter states that on January 24, 2014, the CI met with Prince and the CI was shown in excess of one ounce of cocaine base by Prince and Prince had a firearm on his person.

Accordingly, the Court finds that Prince's motion to suppress should be denied.

III.   Conclusion

For the reasons set forth above, the Court DENIES Prince's Motion to Suppress Evidence and Statements [docket no. 19] and Prince's Motion to Disclose Confidential Informant [docket no. 20].

**IT IS SO ORDERED this 30th day of May, 2014.**

_____
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE