### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CR-14-114-SLP |
| | ) |
| DELAWN MONTEL PRINCE, | ) |
| | ) |
| Defendant. | ) |

### **O R D E R**

Before the Court is Defendant's Motion for Early Termination of Supervised Release [Doc. No. 133]. The Government has Responded to the Motion [Doc. No. 135] and opposes the requested relief. This is Defendant's second request for early termination of supervised relief. The Court denied his previous request. *See* Order [Doc. No. 132].

On January 8, 2015, Defendant was sentenced to a term of 120 months, and a mandatory minimum term of three years supervised release, following his conviction on the charge of possession of cocaine base with intent to distribute.[1] Defendant was released to begin his term of supervised release on January 18, 2022, which is set to expire on January 17, 2025.

---

[1] Defendant was charged in a four-count Indictment with: (1) felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1); (2) possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1); (3) possession of cocaine base with intent to distribute in violation of 21 U.S.C. § 841(a)(1); and (4) possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). Defendant, by written plea agreement, entered a plea of guilty to Count 3 of the Indictment and the Government dismissed all of the remaining counts of the Indictment at sentencing.

In support of his request for early termination, Defendant states that he has served more than two years of his three-year term of imprisonment, he has maintained employment and he has complied with the terms of his supervised release. He states that he "simply want[s] the opportunity to move on with [his] life and accomplish the goals and endeavors that [he] seeks." Doc. 133 at 1-2.

The Government opposes early termination stating that Defendant "has not articulated a sufficient reason for early termination of his mandatory minimum term of supervised release." Doc. No. 135 at 1. The Government underscores that Defendant's three-year term of supervised release is the mandatory minimum and that under these circumstances, "there should be something extraordinary to justify earlier termination." *Id*. at 4. The Government reiterates its prior opposition that Defendant fails to articulate how or why supervised release is an impediment to the goals Defendant is trying to accomplish. *Id*. at 5.

A district court has discretionary authority to terminate a term of supervised release and discharge the defendant at any time after expiration of one year of supervision if, after considering certain factors under 18 U.S.C. § 3553, the court is "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." *See* 18 U.S.C. § 3583(e)(1); *see also Rhodes v. Judiscak*, 676 F.3d 931, 933 (10th Cir. 2012).

Upon consideration of Defendant's Motion, the information provided by the Government, and the factors set forth in § 3553, the Court finds that early termination of Defendant's term of supervised release is not warranted. The Court certainly commends Defendant for the progress he has made during his period of supervision. As the

2

Government argues, however, nothing in the record suggests that the terms of Defendant's supervised release hinder his employment or the goals he seeks to accomplish. The Court encourages Defendant to successfully complete the remainder of his term. But the Court DENIES Defendant's Motion.

    IT IS THEREFORE ORDERED that Defendant's Motion for Early Termination of Supervised Release [Doc. No. 133] is DENIED.

    IT IS SO ORDERED this 22nd day of August, 2023.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE